IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| ) | CIVIL ACTION NO. |
| v. ) ) | **COMPLAINT** |
| CHAMPION WINDOW MANUFACTURING & ) SUPPLY CO., LLC, d/b/a CHAMPION ) WINDOW MFG., INC. and/or d/b/a ) CHAMPION WINDOW OF PITTSBURGH, ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Martell Waite, an African American, who was adversely affected by such practices. As articulated with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Mr. Waite, a Lead Installer for Defendant Employer, was subjected to disparate terms and conditions of employment, on the basis of his race. The Commission alleges that although Mr. Waite complained to Defendant's management about the discrimination, Defendant failed to address the inequitable treatment.

The Commission further alleges that Defendant Employer retaliated against Mr. Waite after he complained about racially discriminatory treatment, when it demoted him from Lead Installer to Installer Helper and then discharged him, for pretextual reasons. As a result of the

1

disparate treatment and retaliation, Mr. Waite suffered mental and emotional distress, and has lost significant earnings.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Champion Window Manufacturing & Supply Co., LLC d/b/a Champion Window Mfg., Inc. and/or d/b/a Champion Window of Pittsburgh (the "Employer"), a Delaware corporation headquartered in Cincinnati, Ohio, has continuously been doing business in the State of Pennsylvania and the City of Pittsburgh, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Martell Waite filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2006, Defendant Employer has engaged in unlawful employment practices at its Pittsburgh, Pennsylvania facility, in violation of Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(a)(1). These unlawful practices include, but are not limited to, the following:

   a. Defendant Employer is a nationwide corporation that provides home improvement services and other consumer services;

   b. Commencing on or about June 1, 2006, and continuing until December 14, 2006, Defendant discriminated against Mr. Waite in the terms and conditions of his employment as a Lead Installer, because of his race. For example, Mr. Waite was not assigned a Helper, as were the Caucasian Lead Installers; he was not given the same tools, as required by corporate policy as were given to the Caucasian Lead Installers; Mr. Waite was not given a corporate cell phone or a Home Depot credit card as were given to the Caucasian Lead Installers; and, Mr. Waite was not paid at the same rate as were the Caucasian Lead Installers. Finally, Mr. Waite was given a inoperable truck, which had not been inspected, for his use, while Caucasian Lead Installers were given newer and better trucks and/or new Dodge Ram trucks for their business use.

   c. Mr. Waite repeatedly asked the Installation Manager and/or the General Manager to provide him with the tools, a helper, commensurate pay, and a vehicle as were afforded to the Caucasian Lead Installers, but his requests were not met.

3

8. Since at least December 14, 2006, Defendant Employer has engaged in unlawful retaliatory employment practices at its Pittsburgh, Pennsylvania facility, in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a). These unlawful practices include, but are not limited to, the following:

a. In or about August, 2005 and again in or about September, 2006, Mr. Waite complained to the Installation Manager, his immediate supervisor, about racially offensive language that was being used by his coworkers in his presence;

b. In addition, Mr. Waite repeatedly complained to the Installation Manager about the disparate terms and conditions of employment to which he was being subjected as a Lead Installer;

c. In or about September 2006, Mr. Waite verbally complained to Defendant's local human resources representative that he was not being afforded the same terms and conditions of employment as were given to the Caucasian Lead Installers. Mr. Waite stated his belief that this disparate treatment was based on his race;

d. In or about September 2006, Mr. Waite sent a written letter of complaint to Defendant's corporate human resources officer. Therein, he complained about unfair treatment perpetrated by management personnel in Pittsburgh;

e. On or about December 14, 2006, Mr. Waite was demoted from Lead Installer to a Helper position.

f. Shortly thereafter, Mr. Waite submitted a second letter to the corporate human resources representative. Therein, he again complained of the disparate terms and conditions of employment he suffered as Lead Installer and the unfair demotion, and complained that the demotion was motivated by his "color."

g.      Defendant Employer discharged Mr. Waite on January 27, 2007, effective January 19, 2007, for pretextual reasons.

9.      The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Mr. Waite of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race and in retaliation for his complaints about racially derogatory language in the work place, and about disparate treatment on the basis of race.

10.     The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11.     The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Martell Waite.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate treatment and retaliation, and any other employment practice which discriminates on the basis of race.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to institute and carry out anti-discrimination and anti-retaliation policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Mr. Waite, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, back pay and front pay for Mr. Waite.

G. Order Defendant Employer to reinstate Mr. Waite, in lieu of front pay, to the position of Lead Installer, together with all benefits incident thereto, including but not limited to wages, benefits, training, seniority, and other terms and conditions of employment as are afforded other Lead Installers.

H. Order Defendant Employer to make whole Mr. Waite, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including expenses he has incurred in searching for another job and medical expenses he has incurred, in amounts to be determined at trial.

I. Order Defendant Employer to make whole Mr. Waite by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in

Case 2:05-mc-02025-AJS   Document 3739   Filed 11/15/2007   Page 7 of 8

paragraphs 7 and 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    J.    Order Defendant Employer to pay Mr. Waite punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

    K.    Grant such further relief as the Court deems necessary and proper in the public interest.

    L.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*/s/ Jacqueline H. McNair (JOB)*
JACQUELINE H. MCNAIR
REGIONAL ATTORNEY

*/s/ Judith A. O'Boyle*
JUDITH A. O'BOYLE
SUPERVISORY TRIAL ATTORNEY

*/s/ M. Jean Clickner (JOB)*
M. JEAN CLICKNER
TRIAL ATTORNEY
PA. I.D. NO. 42738
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (facsimile)

8